Filed 10/13/25  P. v. Vasquez CA4/1

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>ISIDRO VASQUEZ,<br><br>　　Defendant and Appellant. | D083747<br><br><br>(Super. Ct. No. SCD199902)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br><br>NO CHANGE IN JUDGMENT |


THE COURT:

The text of footnote 5 on page 5 is deleted, and it is replaced by the following:

> "On our own motion, we augment the appellate record to include the reporter's transcript from the April 15, 2021 evidentiary hearing.  (Cal. Rules of Court, rules 8.340 ["At any time, . . . on its own motion, the reviewing court may order the record augmented or corrected as provided in rule 8.155"] and 8.155(a)(1)(B) ["At any time, on . . . its own motion, the reviewing court may order the record augmented to include: . . . [a] certified transcript . . . of oral proceedings not designated . . ."].)  The reporter's transcript from the April 15, 2021 evidentiary hearing is part of the trial court record in this matter and is relevant to our analysis of whether the trial court's ruling, following the evidentiary hearing, gave rise to collateral estoppel."

There is no change in the judgment.

The petition for rehearing is denied.

IRION, Acting P. J.

Copies to:  All parties

Filed 9/15/25  P. v. Vasquez CA4/1 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ISIDRO VASQUEZ,<br><br>      Defendant and Appellant. | D083747<br><br><br>(Super. Ct. No. SCD199902) |


APPEAL from an order of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

Edward Mahler for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Seth M. Friedman and Andrew Mestman, Deputy Attorneys General.


Isidro Vasquez, who was convicted of first degree murder in 2007, appeals from an order denying his second petition for resentencing under

Penal Code[1] section 1172.6.[2] Vasquez contends that the trial court erred in relying on the doctrine of collateral estoppel to deny his second petition. According to Vasquez, because the law changed between his first petition and his second petition to disallow the use of a prior appellate opinion's factual summary as evidence when a trial court decides whether a defendant is eligible for relief in a section 1172.6 petition, that change in the law triggered an exception to the doctrine of collateral estoppel. We conclude, based on the specific facts before us, that Vasquez's argument is without merit, and we accordingly affirm the trial court's order.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2007, a jury found Vasquez guilty of first degree murder (§ 187, subd. (a)), along with making findings that Vasquez personally used a firearm (§ 12022.53, subds. (d) & (e)(1)) and the crime was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). Vasquez was sentenced to an indeterminate term of 50 years to life in prison. In 2009, we affirmed the judgment in an unpublished opinion. (*People v. Vasquez* (Feb. 5, 2009, D050954) [nonpub. opn.] (*Vasquez 2009.*))[3]

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

[2] Until June 30, 2022, section 1172.6 was codified as section 1170.95. (Stats. 2022, ch. 58, § 10.) We refer to the current codification throughout this opinion.

[3] Vasquez has requested that we take judicial notice of *Vasquez 2009, supra,* D050954. We grant the request. In a second request, Vasquez has requested judicial notice of the written jury instructions used during his 2007 trial. We deny that request because (1) those documents are not relevant to the issue of collateral estoppel that is dispositive in this appeal, and (2) those

In a 2021 opinion affirming the trial court's order denying Vasquez's first petition for resentencing we described the facts presented at Vasquez's 2007 trial. (*People v. Vasquez* (Dec. 10, 2021, D079010) [nonpub. opn.] at pp. 2–5 & fn. 2 (*Vasquez 2021*).) We took our description in "nearly verbatim fashion" from Vasquez's opening appellate brief in his 2021 appeal.[4] Our description was as follows:

> " '[Vasquez] was a member of the West Coast Crips (WCC), a criminal street gang. Members of WCC were known to congregate at the 3100 block of Clay Avenue in San Diego, and they claimed the Clay Avenue Park on that block as their territory. The WCC gang is predominantly Black. [Vasquez] is Hispanic.

> " 'Clay Avenue Shooting

> " '[R.S.] lived on Clay Avenue across the street from the park. In the afternoon on October 9, 2004, [R.S.] was preparing for a party in her front yard and was able to observe the people gathered at a home and adjacent park across the street from her house. In the early afternoon, she noticed a red Jeep Cherokee pull up to the house across the street. Five Black males were in the vehicle. The Black males gathered in front of the garage for awhile, left in the Jeep, and then returned a short time later.

> " 'At about 7:00 p.m., when [R.S.] was expecting her guests to arrive, a lot of people gathered at the house across the street,

_____

documents were not before the trial court when it made the order from which Vasquez appeals.

[4] In his opening appellate brief in the instant appeal, Vasquez states that our opinion in *Vasquez 2021, supra,* D079010 "relied on the facts set forth in" *Vasquez 2009, supra,* D050954. That is not true. We clearly stated in *Vasquez 2021* that we based our description on the factual summary in Vasquez's *own* opening appellate brief in that matter. On our own motion, we take judicial notice of the opening appellate brief filed in Vasquez's appeal from the 2021 Order. Having done so, we have confirmed that Vasquez's 2021 opening appellate brief supported each of its factual statements with citations to the reporter's transcript from the 2007 trial.

playing loud music and drinking. [R.S.] decided to move her party inside because she was afraid of the group across the street. Around this time, she noticed [Vasquez] across the street with the gathering of people. He "stuck out" because he was the only Hispanic male in the group. At about 8:30 p.m., [R.S.] was on her front porch talking with guests. She noticed a white car driving fast up the street. The people gathered across the street became agitated, running around and "scrambling all over." One male ran to a bush, grabbed a shotgun, and started shooting at the white car. [R.S.] saw [Vasquez] standing like he was shooting. He had his hand out and she saw the 'motion of shooting' but she did not see him with a gun. After the white car passed, [R.S.] saw several males, including [Vasquez], enter the red Jeep Cherokee and leave the scene. She also saw two males picking things up from the ground. They departed in a beige, cream colored or "grayish" Cadillac.

" 'Boston Avenue Shooting

" 'At about 10:30 p.m. on October 9, 2004, 10 year old [G.P.], who resided in an apartment on Boston Avenue, was on the balcony of her second floor apartment which overlooked an alley behind her apartment building. She saw a red Jeep enter the alley. She could see through the driver's window that the driver had a large stomach that touched the steering wheel. She also noticed that he had long black curly hair, that he had a bandana covering his face from the nose down, and that his skin color was light brown. She could see the passenger's arm. The driver was Mexican and the passenger was black.

" 'After the Jeep entered the alley, the headlights were turned off. [G.P.] heard gunshots and went inside the apartment. Through the apartment window, she saw a man running from a dirt lot next to the apartment building and get into the Jeep. Then the Jeep drove away quickly with its lights off.

" 'Prior to the shooting, the victim, [W.R.] was sitting in a parked car located at 4056 Boston Avenue, an area associated with the 5/9 Brims gang, a rival of the WCC gang. Two "pale faced" males approached and began shooting. [W.R.] was shot several times with a shotgun and a 9 mm handgun. He died from his injuries. Casings recovered at the Boston Avenue location matched a casing recovered at Clay Avenue.

4

"'The Cadillac

"'[H.Y.] was in the backyard of a home at 39th and Logan. He heard gunshots that he thought were coming from an area close to Boston Avenue. Soon after, he saw a red Jeep Cherokee drive by at high speed, run a stop sign, and come to a stop near a parked Cadillac. Two Black males, each with a weapon in his hands, got out of the Jeep's passenger side, ran to the Cadillac, and threw the weapons into the trunk of the Cadillac. They got in the Cadillac and drove away. The Jeep also drove away from the scene. [H.Y.] was unable to see the driver of the Jeep well, but thought it was a Black male.

"'[R.S.] saw the Cadillac return to the 3100 block of Clay Avenue at about 11:30 that night. The Cadillac was registered to a WCC gang member. Later on the night of October 9, [Vasquez] and other WCC gang members bragged about having shot somebody.'" (*Vasquez 2021, supra*, D079010, at pp. 3–5.)

In 2019, Vasquez filed a petition for resentencing under section 1170.95. After appointing counsel, receiving briefing and issuing an order to show cause, the trial court held an evidentiary hearing on April 15, 2021.[5] At the evidentiary hearing, the prosecutor asked to include in the record all of the underlying reporter's transcripts and clerk's transcript from the proceedings that resulted in Vasquez's 2007 conviction.[6] The prosecutor also asked that the trial court take judicial notice of our opinion in *Vasquez 2009, supra*, D050954. However, the prosecutor was careful to limit the request for judicial notice of our prior opinion. She explained, "I want to point out, *because I don't want it to become an issue later*, . . . that the People are seeking judicial notice of the court of appeal opinion . . . not by virtue of

_____

[5]    On our own motion, we take judicial notice of the reporter's transcript from the April 15, 2021 evidentiary hearing.

[6]    Those documents were submitted to the trial court on a computer disk.

wanting to introduce the facts that have been written in [that] opinion[ ] as the underlying facts that support Mr. Vasquez's conviction, but rather to show what the official act of th[at] court[ ] was[,] what it was based upon and [its] rationale for ruling in a particular way." (Italics added.)

On May 21, 2021, the trial court denied the petition in a written order (the 2021 Order). The 2021 Order stated, "After a review of the trial court record and the appellate court opinion, and consideration of the oral arguments of counsel at the order to show cause hearing, the court finds the People have proven beyond a reasonable doubt that [Vasquez] is ineligible for resentencing." More specifically, the trial court concluded that "[a]fter considering *all of the admissible evidence presented at trial*, this court, sitting as an independent factfinder, concludes that the People have met their burden of proof and established beyond a reasonable doubt [Vasquez] is guilty of first degree murder." (Italics added.) As the trial court found, "[Vasquez] was a principal in the murder, aided and abetted in the murder, and acted with express malice. The actions of [Vasquez] establish he acted with an intent to kill and the killing was willful, deliberate, and premeditated."

Vasquez filed a notice of appeal from the 2021 Order. Appellate counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, stating that counsel had not identified any arguable issues. Thereafter, on December 10, 2021, we issued *Vasquez 2021, supra*, D079010, in which we affirmed the 2021 Order, stating that we had not discovered any arguable issues for reversal on appeal. (*Vasquez 2021*, at p. 6.)

On November 13, 2023, Vasquez, representing himself, filed a second petition for resentencing pursuant to section 1172.6 by checking boxes on a

6

preprinted form.  The trial court appointed counsel for Vasquez and set a briefing schedule in anticipation of a hearing to determine whether Vasquez's petition stated a prima facie case for relief.  In their initial response, the People argued that Vasquez's petition was barred by the doctrine of collateral estoppel due to the 2021 Order and our opinion in *Vasquez 2021, supra*, D079010.  Vasquez did not file a reply.

The trial court held a hearing on February 16, 2024, at which the People reiterated their position that the petition was barred by collateral estoppel.  Defense counsel disagreed.  In brief remarks, defense counsel argued, "There is nothing in the law itself . . . that precludes the client from filing subsequent petitions, and . . . having said that, it's his contention that this is a well-taken petition, that prima facie evidence has been shown, and he requests the Court to grant his petition and set it for an evidentiary hearing."

The trial court denied Vasquez's petition.  The trial court explained, "No new issues are before the Court.  The petition, in essence, is the same.  A ruling has been made.  To not collaterally estop [Vasquez] would put us in a position of some endless cycle of petitions, when and if an inmate simply wanted to file the petition. So the petition is denied.  It is collaterally estopped by the Court's previous ruling on the same issue, affirmed by the appellate court."

Vasquez appeals from the trial court's order denying his second petition for resentencing.

## II.

## DISCUSSION

A.     *The Law Applicable to Resentencing Petitions*

7

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill No. 1437 also created a procedure that allows persons convicted under the former murder laws to petition for retroactive relief. (Stats. 2018, ch. 1015, § 4.) A defendant starts the process by filing a petition containing a declaration that he or she meets all requirements for eligibility, including that he or she could not presently be convicted of murder or attempted murder because of the changes to section 188 or 189. (§ 1172.6, subds. (a) & (b); *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).) When the trial court receives a petition with the necessary information, it must determine whether the defendant has made a prima facie case for relief. (§ 1172.6, subd. (c); *Strong*, at p. 709.) If a defendant makes such a showing, the court is required to issue an order to show cause and hold an evidentiary hearing within 60 days of that order. (§ 1172.6, subds. (c) & (d); *Strong*, at p. 709.)

Effective January 1, 2022, Senate Bill No. 775 expanded resentencing eligibility to include persons convicted of attempted murder or manslaughter under a theory of felony murder, attempted murder under the natural and probable consequences doctrine or "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§1172.6, subd. (a), as amended by Stats. 2021, ch. 551, § 2; Legis. Counsel's Dig., Sen. Bill 775.)

Senate Bill No. 775 also amended the statute to expressly describe the procedures and evidentiary rules that a trial court must follow during an evidentiary hearing on a petition for resentencing.  Among other things, section 1172.6, subdivision (d)(3) now states that, "[t]he court may . . . consider the procedural history of the case recited in any prior appellate opinion."  (Stats. 2021, ch. 551, § 2.)  Interpreting that provision, case law holds that "by *allowing* consideration of ' "the procedural history" ' in a prior appellate opinion, the Legislature intended to *prohibit* consideration of 'the factual summar[y]' in a prior appellate opinion."  (*People v. Bratton* (2023) 95 Cal.App.5th 1100, 1113 (*Bratton*); accord *People v. Clements* (2022) 75 Cal.App.5th 276, 292; *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1238; *People v. Flores* (2022) 76 Cal.App.5th 974, 988; *People v. Glass* (2025) 110 Cal.App.5th 922, 929.)  Thus, under current law, "the factual summary in an appellate opinion is not evidence that may be considered at an evidentiary hearing to determine a petitioner's eligibility for resentencing."  (*People v. Lee* (2023) 95 Cal.App.5th 1164, 1183 (*Lee*).)

B.    *Collateral Estoppel Bars Vasquez's Second Petition*

As we have explained, the trial court denied Vasquez's second petition for resentencing because of the collateral estoppel created by the litigation of Vasquez's first petition for resentencing.

"[W]hether a prior finding will be given conclusive effect in a later proceeding is governed by the doctrine of issue preclusion, also known as collateral estoppel."  (*Strong, supra*, 13 Cal.5th at p. 715.)  The doctrine "applies in criminal as well as civil proceedings."  (*Id*. at p. 716.)  "As traditionally understood and applied, issue preclusion bars relitigation of issues earlier decided 'only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to

9

that decided in a former proceeding.  Second, this issue must have been actually litigated in the former proceeding.  Third, it must have been necessarily decided in the former proceeding.  Fourth, the decision in the former proceeding must be final and on the merits.  Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." (*Ibid.*)

The threshold requirements of issue preclusion are present here, and Vasquez does not attempt to dispute that conclusion.  The requirements are satisfied because Vasquez's first petition for resentencing presented the identical issue as his second petition (i.e., eligibility for relief under section 1172.6), and during the trial court and appellate proceedings on the first petition that issue was actually and necessarily litigated, between the same parties, with a final decision on the merits.  Thus, the requirements for the application of issue preclusion are satisfied.  (See *Strong, supra*, 13 Cal.5th at p. 716 [setting forth requirements of issue preclusion].)  However, Vasquez contends that the trial court erred in applying issue preclusion because of a "well-settled equitable exception to the general rule," under which "preclusion does not apply when there has been a significant change in the law since the factual findings were rendered that warrants reexamination of the issue." (*Ibid.*)  As Vasquez points out, in appropriate circumstances, a defendant may rely on that exception to pursue a successive petition for resentencing under section 1172.6 if there has been a significant change in the applicable law relating to such a petition.  (*People v. Farfan* (2021) 71 Cal.App.5th 942, 951 (*Farfan*) [allowing a successive petition, despite the doctrine of collateral estoppel, when the second petition "was based on new authority which challenged the primary ground for the superior court's summary denial of his [first] petition"].)  A successive petition is permitted in such an instance

because developments in the law "may afford a petitioner grounds for claiming eligibility for relief under the statute that were not previously available under other judicial interpretations." (*Id*. at p. 951.)

According to Vasquez, there was a significant change in the law between his first petition and his second petition that impacted the ground for the trial court's denial of his first petition. As Vasquez points out, by the time he filed his second petition, Senate Bill No. 775 had amended the applicable law to establish that a trial court was prohibited from relying on a factual summary in a prior appellate opinion when conducting an evidentiary hearing on a section 1172.6 petition for resentencing. (§ 1172.6, subd. (d)(3); *Lee, supra*, 95 Cal.App.5th at p. 1183.) According to Vasquez, that statutory development triggers the exception to collateral estoppel that applies "when there has been a significant change in the law . . . that warrants reexamination of the issue" decided in a previous proceeding. (*Strong, supra*, 13 Cal.5th at p. 716.) Vasquez contends that the change in law is relevant here because, in the 2021 Order, the trial court "relied extensively on the factual summary" from our opinion in *Vasquez 2009, supra*, D050954, and that "it was reliance on this summary which was the basis for the trial court's . . . determination that Mr. Vasquez was not entitled to relief." Although Vasquez does not explain why he believes the outcome of the second petition would be different if the trial court did not rely on the factual summary in *Vasquez 2009*, his position is that the trial court should hold another evidentiary hearing in which it does not consider that factual summary as evidence.

Vasquez's argument fails because it is based on a flawed premise. Our review of the proceedings on Vasquez's first petition for resentencing shows that the trial court did not use the factual summary from our opinion in

11

*Vasquez 2009, supra*, D050954 as evidence to determine whether Vasquez was eligible for resentencing. At the evidentiary hearing, the prosecutor asked the trial court to take judicial notice of *Vasquez 2009*, but only for a limited purpose. Specifically, she explained that the People were requesting judicial notice only insofar as the opinion showed the "official act" and "rationale for ruling" in our *Vasquez 2009* opinion. Stating that she did not "want it to become an issue later," the prosecutor stressed that the People did *not* seek "to introduce the facts that have been written in [that] opinion[ ] as the underlying facts that support Mr. Vasquez's conviction."

Further, in the 2021 Order, the trial court did not state that it was relying on the factual summary in *Vasquez 2009* as *evidence* to support its findings. At most, the trial court referenced the appellate factual summary as consistent with the admissible evidence presented at trial. Specifically, early in its order, the trial court explained that it was issuing its ruling "[a]fter a review of the trial court record and the appellate court opinion, and consideration of the oral arguments of counsel at the order to show cause hearing." In the course of setting forth the relevant facts, the trial court referred to the gang evidence as "summarized in the Reporter's Transcript and the appellate court opinion." However, when it came to setting forth its findings "as an independent factfinder," the trial court did *not* reference the factual summary in *Vasquez 2009*. Instead, the trial court relied solely on the evidence from the 2007 trial: "After considering *all of the admissible evidence presented at trial*, this court, sitting as an independent factfinder, concludes that the People have met their burden of proof and established beyond a reasonable doubt [Vasquez] is guilty of first degree murder." (Italics added.)

12

Vasquez makes much of the fact that, in drafting the 2021 Order, the trial court adopted some of the exact wording used in *Vasquez 2009, supra*, D050954 to describe witness testimony at the 2007 trial. From this overlapping wording, Vasquez infers that the trial court relied on *Vasquez 2009*'s factual summary *as evidence*, when deciding whether Vasquez was eligible for resentencing. We are not persuaded. Although the trial court did adopt some of the exact wording from *Vasquez 2009*, there are other factual descriptions in the 2021 Order that diverge from wording of *Vasquez 2009*'s factual summary. The trial court had the reporter's transcript from the 2007 trial when it considered Vasquez's first petition, and the 2021 Order plainly states that the trial court based its findings on "all of the admissible evidence presented *at trial*." (Italics added.) Further, the prosecutor specifically emphasized that she did not seek judicial notice of the factual summary in *Vasquez 2009*. Thus, the trial court's decision to borrow some of the wording from *Vasquez 2009* when drafting the 2021 Order does not establish that the trial court relied on the factual summary in *Vasquez 2009* as evidence, rather than as a drafting aid to help in summarizing the testimony that it had reviewed in the reporter's transcript from the 2007 trial.[7]

---

[7] We note that at the hearing on Vasquez's second petition, even though the change in law disallowing a trial court's reliance on an appellate opinion's factual summary had taken place years before, defense counsel did not argue the exception to collateral estoppel that Vasquez now advances in this appeal. Had defense counsel made such an argument, the trial court would have had the opportunity to make a record as to whether it relied on the factual summary in *Vasquez 2009, supra*, D050954 when ruling on the first petition. For that reason, we are left to make inferences about the manner in which the trial court used *Vasquez 2009* when drafting the 2021 Order. However, because the record is sufficiently clear for us to conclude that the trial court did not use the factual summary *as evidence* in ruling on Vasquez's first petition, we resolve the instant appeal on that basis without considering

Accordingly, we conclude that, even though section 1172.6 was amended after Vasquez's first petition for resentencing to disallow the consideration of a previous appellate opinion's factual summary as evidence when a trial court decides whether a defendant is eligible for relief, because the trial court did not rely on the factual summary from *Vasquez 2009, supra*, D050954 in that manner, Vasquez has not identified any "new authority which challenge[s] the primary ground for the superior court's summary denial of" Vasquez's first petition. (*Farfan, supra*, 71 Cal.App.5th at p. 951.) As no exception to the application of issue preclusion is present here, the trial court properly concluded that Vasquez's second petition for resentencing was barred as a successive petition under the doctrine of collateral estoppel.

---

(1) whether Vasquez may have forfeited his appellate argument by not first raising the exception to collateral estoppel in the trial court (cf. *People v. Harden* (2022) 81 Cal.App.5th 45, 52 [People's failure to invoke collateral estoppel in the trial court gave rise to forfeiture]); or (2) whether, alternatively, remand is required for the trial court to clarify the manner in which it used the factual summary in ruling on Vasquez's first petition.

## DISPOSITION

The trial court's order denying Vasquez's petition for resentencing is affirmed.

IRION, Acting P. J.

WE CONCUR:


DATO, J.


RUBIN, J.

15